(17 Misc. Rep. 613)

WEINSTEIN et al. v. GOLDING.

(Supreme Court, Appellate Term, First Department. July 28, 1896.)

REAL-ESTATE AGENT—PROCURING CAUSE OF SALE.
    Defendant, a real-estate agent, after an unsuccessful attempt to sell real estate, employed plaintiff, another real-estate agent, to make the sale. Plaintiff, on hearing that the owner would take a less price than defendant had offered the property for, offered it to the proposed purchasers at such price, and they accepted. Plaintiff then communicated the acceptance to defendant, and the sale was completed. No negotiations occurred between defendant and the purchasers from the time they refused defendant's offer until they accepted plaintiff's offer. Held, that plaintiff was the procuring cause of the sale.

Appeal from Fourth district court.

Action by Morris Weinstein and others against John N. Golding on an alleged agreement by defendant to pay plaintiffs one-half of the commissions if they would secure a purchaser for certain real property which the owner had placed with defendant as broker for sale. Judgment was rendered in favor of defendant, and plaintiffs appeal. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Miller & Miller, for appellants.
John Lindley, for respondent.

BISCHOFF, J.　　The action was to recover upon the defendant's agreement with the plaintiffs, as co-partners, to pay them one-half the commissions which he expected to realize if they would secure a purchaser for certain real property which the owner, Talbot, had placed with the defendant for sale as a broker.　It was conceded upon the trial that the plaintiffs were employed for the purposes above stated, one Collins having in that behalf acted as the agent of the defendant; that the defendant's promise was to pay the plaintiffs one-half of the commissions to be realized in the event of a sale; that the property was sold to Mandelbaum & Levine for $29,000; and that the defendant was paid $290 for commissions.　The controversy was whether the plaintiffs' efforts or the defendant's efforts were the efficient or producing cause of the sale, in view of the fact that the defendant was the first to bring the property to the notice of the purchasers.　In determining that controversy adversely to the plaintiffs, the trial court was clearly in error.　The evidence for both sides was substantially in accord that the agreement with the plaintiffs was made either in December, 1894, or January, 1895; that the defendant had theretofore offered the property to Mandelbaum & Levine at a price from one to two thousand dollars in excess of the one actually accepted by the owner; that Mandelbaum & Levine had at the time declined to purchase the property, and that from thenceforth, and until the defendant's representative, Collins, was informed by Morris Weinstein, one of the plaintiffs, that Mandelbaum & Levine had consented to purchase the property for $29,000, no further negotiations had occurred between the defendant, or Collins, and the purchasers.　The defendant conceded that he did not in person conduct any such negotiations, and that whatever was done in that regard was done by Collins, as his representative.　Collins' testimony does not contain even an allusion to anything claimed to have been done by him to promote the sale of the property during the time above stated, except that about August 25 or 26, 1895, he chanced to meet Weinstein, when he informed the latter that the owner would probably accept $29,000. Mandelbaum, with whom the former negotiations were had, stated that they had been dropped.　It was, furthermore, unchallenged that on or about August 26, 1895, after he was informed by Collins that the property could be purchased for $29,000, Weinstein called upon Mandelbaum & Levine, and offered them the property at the price last stated, which they decided to pay; that he thereupon commu-

nicated the fact of Mandelbaum & Levine's acquiescence in the price asked to Collins, who, accompanied by Weinstein, at once proceeded to Mandelbaum & Levine's office, and there effected the sale. Upon the facts narrated above the conclusion is irresistible that any prior negotiations with Mandelbaum & Levine on the part of the defendant, or his representative, Collins, had come to an end; that the hope of the defendant, or his representative, Collins, to effect a sale to Mandelbaum & Levine, or of the latter to conclude a purchase, was abandoned; that the sale subsequently made was the issue solely of Weinstein's efforts. That being so, the plaintiffs are not to be precluded of their just claim to compensation.

The question here to be determined is precisely the same as if the plaintiffs and the defendant were severally claiming the commissions from the owner. It would not, in such a case, avail the defendant that it was he who first introduced the matter of the proposed sale to the purchasers, the test of the right to the commissions of the person claiming them being that the negotiations initiated by him were carried to a successful conclusion. Wylie v. Bank, 61 N. Y. 415; Sibbald v. Iron Co., 83 N. Y. 378; Briggs v. Rowe, 1 Abb. Dec. 189. Obviously, upon the facts before us, the defendant's right to the commissions as against the owner is predicable only of the plaintiffs' services which inured to his benefit by virtue of his agreement with them to divide the commissions.

No importance is attached by us to Collins' testimony that, after he was informed by Weinstein that the latter had secured a purchaser at the price acceptable to the owner, he stated to him that the defendant would not abide by his agreement to divide the commissions should the purchaser prove to be a person to whom he (Collins) or the defendant had previously offered the property for sale. The plaintiffs' services had at that time been substantially performed. They had secured persons able and willing to purchase upon the terms prescribed by the owner, or the defendant, and their claim to the agreed compensation could not be defeated by the refusal to accept such persons as purchasers. Noncompliance on the part of the plaintiffs with a condition precedent to their right of recovery would not have availed the defendant upon proof that compliance was prevented by his act. Sibbald v. Iron Co., supra.

The judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.